Opinion filed April 27, 2006












 
 
  
 
 







 
 
  
 
 




Opinion filed April 27, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-05-00137-CR 

 

                                                    __________

 

                                   ROBERTO MARTINEZ, Appellant

 

                                                             V.

 

                                       STATE  OF 
TEXAS, Appellee

 



 

                                         On
Appeal from the 265th District Court

 

                                                          Dallas
County, Texas

 

                                            Trial
Court Cause No. F-0472505-SR

 



 

                                              M
E M O R A N D U M  O P I N I O N

 

Appellant, Roberto Martinez, was indicted for
burglary of a habitation.  Following an
adverse ruling on a motion to suppress, he pled guilty to the charged offense
and true to two enhancement allegations. 
He was sentenced to thirty years confinement in the Institutional
Division of the Texas Department of Criminal Justice.  We affirm. 


                                                               Background
Facts








Appellant was indicted for burglary of a
habitation.  He challenged the State=s identification procedure by pretrial
motion, and the trial court conducted an evidentiary hearing.  The victim, Angie Dickson, and a pawn shop
manager, Albert Pena, both testified. 
Dickson identified appellant as the individual who burglarized her
home.  Pena identified appellant as the
individual who came into his pawn shop the day of the alleged burglary and
pawned an item presumably taken from Dickson=s
home.[1]  Both witnesses testified that appellant was
clean-shaven the day of the alleged burglary but had a beard the day of
trial.  That change in appearance caused
each of the witnesses some difficulty. 

Both witnesses also testified that they had been
contacted shortly after the incident by Detective Raoul Garcia with the Dallas
Police Department.  Detective Garcia
showed each witness a group of six photographs. 
Both witnesses identified appellant=s
photograph as the man that they had seen, and Detective Garcia=s photo lineups were admitted into
evidence.

At the conclusion of the hearing, the trial court
announced:

Having
heard the evidence in the case, I will find that the in-court identifications
are not tainted.  The procedures were not
violative of the U. S. Constitution, State Constitution, Code of Criminal
Procedure, Penal Code and any applicable laws or statutes, and I will allow the
court identification by these two witnesses should they be able to make an
in-court identification.

 

Appellant then signed a plea agreement predicated on a plea
bargain and entered a plea of guilty.

                                                                          Issue

Appellant challenges his conviction with a single
issue contending the in-court identification of him was inadmissible because a
photographic identification tainted the victim=s
identification.

                                                              Standard
of Review

We review a trial court=s
ruling on a motion to suppress using a bifurcated standard.  We give almost total deference to a trial
court=s
determination of historical facts and review de novo the trial court=s application of the law.  Carmouche v. State, 10 S.W.3d 323,
327-28 (Tex. Crim. App. 2000). 








When a defendant challenges the admissibility of
an in-court identification, the defendant must prove by clear and convincing
evidence (1) that the out-of-court identification procedure was impermissibly
suggestive and (2) that this suggestive procedure gave rise to a very
substantial likelihood of irreparable misidentification.  Barley v. State, 906 S.W.2d 27, 33
(Tex. Crim. App. 1995).  If the defendant
makes this showing, the in-court identification is inadmissible unless the
State proves by clear and convincing evidence that the identification was of Aindependent origin.@ 
United States v. Wade, 388 U.S. 218, 240 (1967).

                                                       The
Identification Procedure

The United States Supreme Court has noted that
eyewitness identification involves consideration of competing factors:  the concern that a person may be
misidentified versus the need for effective law enforcement.  Simmons v. United States, 390 U.S.
377, 383-84 (1968).  The concern arises
because the witness is forced to testify about stressful circumstances and an
encounter with a total stranger coupled with the danger that the testimony
might be distorted by police action.  Manson
v. Brathwaite, 432 U.S. 98, 112 (1977). 
To address this concern and to recognize the need for effective
eyewitness identification procedures, the Supreme Court has avoided bright-line
rules but has instead looked at the totality of the circumstances and examined
the reliability of the eyewitness testimony. 
Id. at 114.

Appellant does not challenge Detective Garcia=s investigative process.[2]  Detective Garcia gave both witnesses a set of
the same six photographs.  These
photographs were head and shoulder shots of six Hispanic males who appear to be
of similar age and appearance.  Both
witnesses testified that Detective Garcia did not suggest which of the six
photos to select.  Appellant=s challenge focuses instead on Dickson=s testimony, contending that it was
equivocal and, therefore, unreliable, and suggests that her memory may have
been tainted by the photographic lineup.

Appellant points to testimony from Dickson where
she indicated some uncertainty about her ability to identify appellant without
the photo Detective Garcia provided. 
That testimony, however, does not show any improper or suggestive action
by Detective Garcia.

Q.  Did that
detective do anything to suggest to you who to select?

 

A.  Oh, no,
sir.  Not at all.

 








Q.  And I know the hair=s throwing you a little bit, isn=t it?

 

A.  Yes, sir.

 

Q.  Okay.  Is there any question that that=s the man though?

 

A.  (NO VERBAL RESPONSE.)

 

Q.  Is that a no or a
yes?  I need you B
B 

 

A.  Oh, I=m sorry.  There=s
no question.

 

Q.  Okay.  And would you be able to identify him in
court today even if the detective had never shown you a photograph.  Would you still recognize him?

 

A.  I=m not sure, but I believe so.

 

Q.  Okay.  Listen to what I=m
saying here.  In other words, if the
detective had not shown you this group of photographs B
B 

 

A.  Uh-huh.

 

Q.  B  B
in other words, are you identifying him today because you remember him from the
time of the offense or because someone showed a photograph?

 

A.  No, I remember him.

 

Q.  Okay.  That=s
my question.

 

A.  Yes.

 

Q.  Are you identifying him
because someone showed you a photograph or because you remember him?

 

A.  No. That picture=s in here.

 

Q.  Okay.  In your head?

 

A.  It=s in my head.

 








Because appellant identifies no action taken by
Detective Garcia which even arguably constitutes a suggestive lineup and
because the record affirmatively indicates that Detective Garcia acted
appropriately, the Supreme Court=s
reliability analysis is inapplicable.  See
Colgin, 132 S.W.3d at 532 (when pretrial identification procedures are not
impermissibly suggestive, it is unnecessary to address whether they created a
substantial likelihood of misidentification); see also Jackson v. State,
628 S.W.2d 446, 448 (Tex. Crim. App. 1982)(in the absence of impermissibly
suggestive pretrial procedures, in-court identification testimony is always
admissible).

Appellant=s
challenge to Dickson=s
testimony stresses such factors as the length of time she saw the intruder, the
time of day, the lighting, and the stress of the moment.  Appellant also characterizes Dickson=s testimony as equivocal because of her
inability to provide a specific description of the intruder=s clothes and her difficulty with
appellant=s
beard.  These challenges go to the weight
of her testimony and not its admissibility. 
Cooks v. State, 844 S.W.2d 697, 732 (Tex. Crim. App. 1992).  Because the trial court is best positioned to
evaluate the witness=s
credibility and demeanor and assess the impact of appellant=s change in appearance,[3]
we must give deference to its determination that the identification testimony
was admissible.  Guzman v. State,
955 S.W.2d 85, 89 (Tex. Crim. App. 1997). 
Appellant has not demonstrated that the trial court erred when it
overruled his pretrial objection to the identification procedure.  Appellant=s
issue is overruled.

                                                                     Conclusion

Because we have considered and overruled appellant=s sole issue on appeal, the trial court=s judgment is affirmed.

 

 

RICK STRANGE 

JUSTICE

April 27, 2006  

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of: Wright, C.J., and

McCall,
J., and Strange, J.











[1]The record suggests but does not specifically provide
that, had this case gone to trial, the prosecution would have contended that
appellant pawned a Bose drum machine taken from Dickson=s house.





[2]Appellant=s
position, therefore, is unique from many eyewitness challenges in that he does
not suggest the victim=s memory was corrupted by specific police actions which
were unnecessarily suggestive, such as the use of a single photograph.  Cf. Manson, 432 U.S. at 101, or a
photo array with distinct differences between the defendant=s photo and the remaining photographs.  See Colgin v. State, 132 S.W.3d 526,
532 (Tex. App.CHouston [1st Dist.] 2004, pet. ref=d).





[3]When an individual=s
appearance has changed from the time of the offense to trial, the trial court
is uniquely positioned to assess its impact. 
Appellate courts by necessity give great deference to the trial court=s fact findings in this situation.  See, e.g., Cruz v. State, No.
14-97-00645-CR, 1999 WL 233322 (Tex. App.CHouston
[14th Dist.] 1999, pet. ref=d)(not designated for publication); Washington v.
State, No. 01-97-00110-CR, 1998 WL 751989 (Tex. App.CHouston [1st Dist.] 1998, no pet.)(not designated for
publication); Henton v. State, No. 11-94-00075-CR, 1996 WL 33650417
(Tex. App.CEastland 1996, pet. ref=d)(not
designated for publication); Wallace v. State, 659 S.W.2d 460, 465 (Tex.
App.CBeaumont 1983, no pet.).